IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID A. GAMBINO<br>(BOP Register No. 19757-055),<br><br>    Plaintiff,<br><br>V.<br><br>JOHN DOE and JOHN DOE,<br><br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:19-cv-413-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

David A. Gambino, a federal prisoner, in custody at FCI Schuylkill, a facility in Minersville, Pennsylvania, filed a *pro se* Preliminary Temporary Restraining Order [Dkt. No. 3], which the Clerk of Court has construed as a civil complaint. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should summarily dismiss this action with prejudice.

**Applicable Background**

Gambino brings this action against unnamed defendants identified as "Classification Specialist" and "Classification Manager" at the address for the Bureau of Prisons's ("BOP") Designation and Sentence Computation Center, in Grand Prairie, Texas. *See* Dkt. No. 3 at 1. He asserts that he is seeking temporary injunctive relief now, prior to exhausting administrative remedies with the BOP, required before he

may bring a *Bivens* action presenting First and Eighth Amendment claims. *See id.* And he requests that the Court immediately transfer him "out of FCI Schuylkill"; order that the BOP "end retaliatory transfers to prisons known to be dangerous to [him]"; and "provide a prison for dropouts from gangs, sex offender friendly, cooperator friendly, and not a prison that [he has] to run for [his] life in." *Id.* at 7.

## Legal Standards and Analysis

I. <u>28 U.S.C. § 1915(g)</u>

A prisoner may not proceed *in forma pauperis* ("IFP") if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Gambino has accrued at least three strikes. *See Gambino v. Pugh*, No. 4:13cv817, 2013 WL 5519719 (N.D. Ohio Oct. 1, 2013) (granting leave to proceed IFP and dismissing action "section 1915(e)"); *Gambino v. Hershberger*, Civ. A. No. TDC-16-3806, 2017 WL 2493443 (D. Md. June 8, 2017) ("The Court therefore concludes that the Complaint, even as amended, does not state a claim upon which relief may be granted and must be dismissed." (citing 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1))), *aff'd*, 700 F. App'x 272 (4th Cir. 2017) (per curiam).[1]

---

[1] *See also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) ("[B]oth the frivolous appeal and a lower court's dismissal as frivolous count."), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015); *accord Lee v. United States*, 744 F. App'x 853, 853 (5th Cir. 2018) (per curiam) ("The dismissal of the complaint by the district court and the dismissal of this appeal as frivolous constitute two strikes under 28 U.S.C. § 1915(g)." (citation omitted)); *cf.*

The only exception to Section 1915(g)'s "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't,* 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin,* 144 F.3d 883, 884-85 (5th Cir. 1998))).

"Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez,* 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (a

---

*Meeks v. Washington*, No. 2:19-CV-10247, 2019 WL 670080, at *2 (E.D. Mich. Feb. 19, 2019) ("Although the United States Supreme Court has yet to explicitly hold that an appeal from the dismissal of a civil rights case can count as a separate strike, their language and reasoning on a similar issue strongly suggests that a district court's dismissal of a prisoner complaint for being frivolous, malicious, or for failing to state a claim and the subsequent affirmance of that dismissal by a court of appeals should count as separate strikes, for purposes of 28 U.S.C. § 1915(g)." (citing *Coleman,* 135 S. Ct. at 1763-64)).

"general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *see also Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam) (noting that use of "the past tense when describing" symptoms is not sufficient to allege imminent danger and that such an allegation based on inadequate medical care should be corroborated by medical records or grievances).

Even if the Court accepts Gambino's imminent-danger allegations related to his confinement at FCI Schuylkill, *see generally* Dkt. No. 3, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)," *Pettus v. Morgenthau*, 554 F.3d 293, 297-98 (2d Cir. 2009). That is, Gambino cannot assert that his safety is threatened based on conditions at FCI Schuylkill – claims that could be addressed by BOP officials there – to bring a lawsuit against BOP classification officials in Grand Prairie.

As this Court has observed in a similar context,

> none of the claims that [Plaintiff] is under imminent danger of serious physical injury is directly attributable to the conduct of the Defendants in this matter or can be immediately redressed by this lawsuit. The Defendants in the Northern District of Texas are employees of the Bureau of Prisons central administrative office responsible for inmate placement. Unlike, for example, at least certain personnel at [the BOP facility at which Plaintiff is incarcerated], the Defendants do not have direct control over Plaintiff's safety at [his] unit.

*Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-

4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013), *aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam) ("Stine has also failed to plausibly plead any connection between the alleged imminent danger in Colorado and his claims against the BOP defendants in Texas, because they have no control of conditions at [his BOP facility] and because Stine has no right to be assigned to any particular prison." (citing *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976))); *see also Clay v. Doctor Zae Young Zeon*, No. H-14-0057, 2014 WL 204241, at *1 (S.D. Tex. Jan. 17, 2014) ("The court will ... determine whether Clay is in imminent danger of serious physical harm attributable to acts or omissions by custodial officials and whether the danger is attributable to the facts alleged in the complaint." (citing *Pettus*, 554 F.3d at 297-98)).

Therefore, although he has yet to either pay the $400 statutory filing fee or move for leave to proceed IFP – required to proceed with this action – the Court should bar Gambino from proceeding IFP for the abovementioned reasons. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

II.     Injunctive Relief

Even if Gambino is able to pay the statutory filing fee to pursue this action, he is not entitled to relief he seeks. As stated above, it is well established that "[a] prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility." *Avila Pena v. Pugh*, No. CV306-057, 2006 WL 2444084, at *2 n.6 (S.D. Ga. Aug. 22, 2006) (citing *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Meachum*, 427 U.S. at 225); *see also Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A

prisoner has no constitutionally protected interest in a particular facility …." (citing *Olim*, 461 U.S. at 244-45)).

Indeed, a federal district court lacks "the authority to order incarceration at any particular facility as the Bureau of Prisons is solely responsible for that decision." *United States v. Riley*, 84 F. App'x 717, 2003 WL 23101850, at *1 (3d Cir. Dec. 30, 2003) (per curiam) (citing 18 U.S.C. § 3621). Section 3621 in pertinent part provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering [enumerated statutory factors].

*Id.* § 3621(b); *see also Waters v. United States*, 331 F. App'x 278, 280 (5th Cir. 2009) (per curiam) ("The district court correctly determined that Waters' claim that the BOP lacked discretion to determine that he would serve all, or part of, his federal sentence in the Louisiana state prison system did not implicate a constitutionally protected right." (citing *Olim*, 461 U.S. at 246-47)); *Sanchez v. Fed. Bureau of Prisons*, No. 3:05-cv-2376-K, 2005 WL 3555465, at *2 (N.D. Tex. Dec. 19, 2005) ("Plaintiff's claims that Defendants should be enjoined from transferring him to another facility are without merit. Under 18 U.S.C. § 3621(b), the BOP may direct confinement of a prisoner in any available facility and may transfer a prisoner from one facility to another at any time. Federal prisoners generally have no constitutional right to placement in a particular penal institution." (citations omitted)), *rec. adopted*, 2005 WL 3560624 (N.D. Tex. Dec.

27, 2005).

And, to the extent that Gambino seeks a Preliminary Temporary Restraining Order, "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). To obtain either, Manzo must "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

"As a threshold matter, the Court may not issue a TRO in this case because (a) [Gambino] has not sworn to specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss or damage will result to him before the [BOP] can be heard in opposition, and (b) [he] has not certified in writing any efforts made to give notice of the filing of the request for a TRO to the [BOP] and the reasons why such notice should not be required." *Ray v. La. Dep't of Public Safety & Corrs.*, Civ. A. No. 16-810, 2016 WL 5875947, at *2 (W.D. La. Oct. 7, 2016) (citing

FED. R. CIV. P. 65(b)(1)).

Nevertheless – and to the extent that he seeks a preliminary injunction – Manzo fails as to the first, substantial-likelihood element for the reasons explained above.

## Recommendation

The Court should summarily dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 22, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE